UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIE LANE,

    Plaintiff,

    v.                                           CAUSE NO. 3:24-CV-824-CCB-SJF

KYRIE ROBINSON, JASON NOWATSKI,
RON NEAL, CASTANEDA,

    Defendants.

## OPINION AND ORDER

Willie Lane, a prisoner without a lawyer, filed an amended complaint. ECF 12. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Lane is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Lane alleges his constitutional rights were violated because he was assessed too much restitution. He claims disciplinary hearing board (DHB) officer Lt. Castaneda found him guilty of a disciplinary infraction on July 3, 2023, resulting in the loss of 180 days earned credit time, a demotion in credit class, and a restitution sanction of $100,000. He alleges Deputy Warden Jason Nowatski "committ[ed] fraud" by adjusting that amount to "$4,246.98" on a later date. ECF 12 at 3–4. He asserts that Sgt. Kyrie Robinson also committed fraud because she "claims they were hurt but never went to an outside hospital or court of law." *Id*. at 4. However, he admits she received a "medical leave with pay" for about thirty days. *Id*. Lane claims she is now in "good health [with] no broken bones or injuries sustained in the 2023 batty against them." *Id*. He has sued Sgt. Kyrie Robinson, Warden Ron Neal, Deputy Warden Jason Nowatski,[1] and Lt. Castaneda for monetary damages for his "psychological pain and suffering." *Id*. at 5.

The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. Inmates have a property interest in the funds located in their prison accounts. *Wilson v. Castaneda*, 143 F.4th 814, 818 (7th Cir. 2025) (citing *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986)); *see also Hull v. Cooke*, No. 22-2848, 2024 WL 81104, at *2 (7th Cir. Jan. 8, 2024), *reh'g denied*, No. 22-2848, 2024 WL 644676 (7th Cir. Feb. 15, 2024) ("Indiana prisoners have a property interest in the funds in their trust accounts."). While prison

---

[1] Lane refers to them by the old titles of Superintendent and Assistant Superintendent in the caption.

2

officials cannot deprive inmates of those funds without any due process, the Seventh Circuit has determined "[i]t is truly too much to require correctional officials to seek a criminal restitution order or a civil tort judgment before they may restrict an inmate's use of his commissary account until he makes good the damage he has caused . . .." *Campbell*, 787 F.2d at 224. That is because "[s]uch a requirement would delay implementation of, and hence, impair the efficacy of prison disciplinary measures. It would significantly increase the cost of prison administration and unduly burden courts with litigation which is essentially administrative in nature." *Id*. Instead, inmate accounts can be debited or frozen pursuant to restitution orders issued by prison disciplinary boards as long as the "procedural safeguards" at the disciplinary hearing are constitutionally adequate per *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Id*. at 225. Those procedural safeguards require: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-73.

Additionally, "a prison disciplinary decision must also be supported by 'some evidence' in the record." *Wilson*, 143 F.4th at 818 (quoting *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *see also Campbell*, 787 F.2d at 222. The "some evidence" standard has been described as follows:

3

> This lenient standard requires no more than a modicum of evidence. Our inquiry ends once this meager threshold has been crossed. We ask only whether the record was so devoid of evidence as to make the official's findings arbitrary or without support. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Wilson*, 143 F.4th at 819 (internal quotation marks, brackets, and citations omitted); *see also United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007) (a prison disciplinary board's sanction will be set aside only if it is "plainly" unreasonable). Thus, when it has been determined an inmate challenging a restitution sanction "was afforded procedural due process consonant with the circumstances of his incarceration" pursuant to a disciplinary hearing related to that charge, he has not stated a valid Fourteenth Amendment claim. *Campbell*, 787 F.2d at 225; *but cf. Tonn v. Dittmann*, 607 Fed. Appx. 589 (7th Cir. 2015) (dismissal of inmate's due process claim was vacated because he "adequately alleged that the restitution order was not supported by *any* evidence") (emphasis added).

Here, Lane asserts his constitutional rights were violated and the defendants committed "fraud" because he wasn't "tried in a courtroom of law" before a judge and no "outside court of law" or a medical doctor ordered the restitution amount. ECF 12 at 3. He believes that no sanction over $250 can ever be assessed unless a "new crime" is charged and decided by an "outside court." *Id.* at 3.[2] Lane is mistaken. As set forth above, a restitution sanction amount may be assessed by a disciplinary hearing board

---

[2] Lane doesn't argue that the procedural safeguards of *Wolff* were violated in his disciplinary case.

4

officer and need only be supported by "some evidence" in the record. That lenient standard has been met here.

Lane has attached several documents to his complaint—including a report of disciplinary hearing form (ECF 12-1 at 1) and a page from the habeas corpus petition related to this case previously filed in federal court (*id*. at 4)—that shed additional light on the matter.³ In an order denying the federal habeas petition, Chief Judge Holly Brady noted:

> [Lane] filed a habeas corpus petition challenging a disciplinary decision (ISP-23-7-2340) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of battery against staff in violation of Indiana Department of Correction Offenses 117. Following a hearing, he was sanctioned with a loss of one hundred eighty days of earned credit time, a demotion in credit class, and *up to* one hundred thousand dollars in restitution for the victim's medical bills.

*See Lane v. Warden*, cause no. 3:23-CV-811-HAB-SLC (N.D. Ind. Aug. 20, 2023), ECF 15 at 1 (emphasis added). Judge Brady cited to the following relevant facts:

> The administrative record includes a conduct report in which Sergeant Robinson represented that Lane struck her in the face. ECF 10-1. The administrative record includes statements from two inmates and several staff members. ECF 10-7; ECF 10-8. The witnesses did not observe the battery itself but described the surrounding events, including a verbal altercation between Lane and staff, the use of chemical spray on Lane, and Sergeant Robinson's request for medical attention. The administrative

---

³ The court is permitted to take judicial notice of public documents in screening the complaint. *See* FED. R. EVID. 201; *see also Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025) ("The face of the complaint refers not just to its four corners but includes sources courts ordinarily consider when deciding a Rule 12(b)(6) motion, such as documents incorporated into the complaint by reference and public records of which the court may take judicial notice."); *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

> record similarly includes surveillance video recordings in which Lane can be seen in a waiting room prior to the battery incident and escorted away thereafter, though the battery itself was not captured. ECF 10-6, ECF 13. Additionally, Lane stated at the hearing, "I started swinging when I got sprayed." ECF 10-5. The conduct report, witness statements, and video recording evidence constitute some evidence that Lane battered a staff member.

*Id*. at 2.

The evidence in the administrative record shows: (1) Lane battered Sgt. Robinson by striking her in the left side of her face causing her to lose her balance; (2) she was subsequently escorted to the nurse's station; (3) a supervising officer reported Sgt. Robinson then requested "outside medical attention;" and (4) Sgt. Robinson herself filled out an injury report form stating she wished to receive additional medical attention. *See Lane v. Warden*, cause no. 3:23-CV-811-HAB-SLC (N.D. Ind. Aug. 20, 2023), ECFs 10-1 at 1, 10-6, 10-8 at 2 & 6–7, 10-9. Although Lane states Sgt. Robinson "never even went to a medical dr" (ECF 12 at 2), that assertion is speculative, unsupported by any facts in the amended complaint, and belied by the administrative record as noted above.[4] Taken together, the evidence is sufficient to support the restitution sanction imposed. *See Wilson*, 143 F.4th at 820 ("This support, while meager, constitutes 'some evidence' that the prison incurred costs as a result of Wilson's violation."); *Campbell*, 787 F.2d at 222; *Hull*, No. 22-2848, 2024 WL 81104, at *2 ("This [some evidence] standard is satisfied if there is any evidence in the record that could support the conclusion reached.") (internal quotation marks and citations omitted); *see also Meeks v. McBride*, 81

---

[4] Furthermore, Lane admits she "[r]eceived a medical leave with pay" (*id*. at 4) for approximately one month.

6

F.3d 717, 721 (7th Cir. 1996) (circumstantial evidence can be sufficient to satisfy the "some evidence" test).

Lane also claims the defendants committed "fraud" (ECF 12 at 3) by later reducing his restitution amount to $4,246.98, but he doesn't provide any facts to support that assertion. As noted by the Seventh Circuit Court of Appeals, "we have never required, for purposes of federal due process, specific evidence of the amount of restitution at the time a sanction is entered." *Wilson*, 143 F.4th at 820. Instead, a hearing officer may assess restitution for medical costs "up to an estimated amount" if the precise cost cannot be determined at the time of the hearing. *Id*. (citing *Ind. Dep't of Corr., The Disciplinary Code for Incarcerated Adults*, IX(E)(3)(e) (Effective May 1, 2023)). The fact that Lt. Castaneda "did not set an amount when she entered the sanction, but instead proffered an estimate, is not a constitutional violation of due process." *Id*. Nor is the fact that Deputy Warden Nowatski later reduced that amount—even assuming, arguendo, that the lower amount was incorrectly calculated. Lane's alleged due process concerns were triggered during the hearing by the imposition of the sanction, not by the managerial accounting steps taken afterwards. *See e.g., White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (noting that the requirements for procedural due process outlined in *Wolff* are exhaustive); *see also Hull*, No. 22-2848, 2024 WL 81104, at *3 (finding that even if the defendants overcharged or miscalculated the plaintiff's restitution charges after the hearing, his claim failed because "[a] state actor's violations of the disciplinary code or other state law does not amount to a violation of federal due process") (citing *Linear v. Vill. of Univ. Park*, 887 F.3d 842, 844 (7th Cir. 2018)); *Keller v.*

7

*Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process").

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023); *see also McCready*, 453 F.3d at 888 (plaintiff can plead himself out of court). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A because Willie Lane has failed to state any claims.

SO ORDERED on November 19, 2025.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT